**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

VICTOR LEBRON-CEPEDA     *
                         *
      Petitioner           *
                         *
v.                         *      **Civil No. 06-1171 (SEC)**
                         *
UNITED STATES OF AMERICA   *
                         *
      Respondent        *
*********************************

**OPINION & ORDER**

Before the Court is Petitioner Victor Lebron-Cepeda's (hereinafter Lebron or the Petitioner) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.A § 2255, seeking to set aside the sentence imposed by the Court in Criminal Case No. 96-cr-0105-3 (SEC) (Docket #1). The Government opposed (Civil No. 06-1171 (SEC), Docket # 30) and Petitioner replied (Civil No. 06-1171 (SEC), Docket # 34). After considering the filings and the applicable law, Petitioner's motion is hereby **DENIED**.

**Factual and Procedural Background**

Petitioner was indicted by a Grand Jury on February 4, 1998, along with 6 other defendants. See, Case No. 96-cr-0105-3 (SEC), Docket # 267. Lebron was charged on Count One and Two of the Superseding Indictment, under 18 U.S.C.A. § 2119(3) and 18 U.S.C.A. § 924(c)(1) and (2). Docket # 267. On April, 2001 (Docket # 613), a jury found him guilty on both counts. That is, the jury found that he aided and abetted the others in the taking of a motor vehicle from Iván Fontánez-Bruno and Daisy Torres-Muñiz, by force and violence, with the intent to cause death or serious bodily injury, causing the death of Iván Fontánez, Case No. 96-cr-0105-3 (SEC), Docket # 613; and that he aided and abetted others to knowingly use and carry firearms in furtherance of the aforementioned carjacking.. Case No. 96-cr-0105-3 (SEC), Docket # 613.[1]

On appeal, Lebron argued, to no avail, that there was insufficient evidence regarding his

---

[1] The facts of this case are set forth in the Opinion of the Court of Appeals. U.S. v. Victor Lebron-Cepeda, 324 F.3d 52 (1st Cir. 2003).

_____

intent to aid and abet in the carjacking, and therefore, to support his conviction and life sentence. Today, he seeks to strike his sentence on the following grounds: (1) that his constitutional right to counsel was violated because his counsel provided ineffective assistance; (2) that he was denied effective assistance of appellate counsel as guaranteed by the Fifth and Sixth Amendments; and (3) that he was deprived of a fair trial in violation of the Fifth Amendment, due to the prosecution's alleged failure to disclose favorable evidence.

In opposition, the Government argues that Lebron's petition is time-barred and therefore, untimely. Moreover, the Government avers that counsel was not ineffective at sentencing or on appeal. As such, the Government requests that the instant case be dismissed.

### Applicable Law and Analysis

### A. Statute of Limitations

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…". See Vega-Colon v. U.S.A., 463 F. Supp. 2d 146, 150 (D.P.R. 2006). A motion under this section is not a substitute for a direct appeal and imposes higher standards on the petitioner. Id.

A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA) for the filing of habeas corpus petitions pursuant to Section 2255. See Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007). A federal prisoner shall file a petition for postconviction relief under 28 U.S.C. § 2255 within one year from the time on which the judgment of conviction becomes final. Clay v. U.S., 537 U.S. 522 (2003). In particular, Section 2255 provides that a motion to vacate sentence must be filed within a year from the latest of

(1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant

was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.     The US Supreme Court, faced with a divergence among the circuits, answered the question of whether the one-year statute of limitations for federal *habeas corpus* started to accrue upon the appellate court's affirmance of the conviction or upon the expiration of the time to file a *certiorari* before that Court. See Clay v. U.S., 537 U.S. 522 (2003). Reasoning that it was more consistent with the historic meaning of finality, it held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Id. at 524-25.

The Government alleges that Lebron's judgment became final on July 1, 2003, upon the expiration of the 90-day period for filing a *writ of certiorari* with the U.S. Supreme Court. As such, they argue that the petition filed on February 13, 2006 is untimely and Lebron's petition is time-barred. Civil No. 06-1171 (SEC), Docket # 13.

In the instant case, the First Circuit affirmed Petitioner's conviction and sentence on March 31, 2003. See, Lebron-Cepeda, 324 F.3d 52. Under the U.S. Supreme Court's rules, the *certiorari* should have been filed "90 days after the entry of the Court of Appeal's judgment...." Clay, 537 U.S. at 525. Petitioner had until July 1, 2003 to file a *certiorari* before the U.S. Supreme Court. Therefore, Petitioner's 2255 motion should have been filed by said date but instead was filed on February 13, 2006. See Case No. 06-1711 (SEC), Docket # 1. As such, his petition was untimely.

Although Lebron admits his petition was untimely filed, he alleges that the one year period for filing his 2255 petition was equitably tolled. In support of his argument, Lebron alleges that his counsel, Attorney Marlene Aponte (hereinafter Aponte), assured him that upon the ruling by the Court of Appeals, affirming his conviction and sentence, she would file a motion to vacate on his behalf. Additionally, he states that Aponte told his family members that she would file a 2255

Civil Case No. 06-1171 (SEC)                                                                              4

petition, instead of filing an appeal to the U.S. Supreme Court. See Case No. 06-1711 (SEC),
Dockets ## 2 & 14. Lebron contends that he wrote a letter to Aponte requesting information about
the 2255 petition she was to file on his behalf, but never got a response in return. See Case No. 06-
1171 (SEC), Docket # 14, Exh. 1. Since his attempts to contact Aponte failed, Lebron sent a letter
to the Clerk of Courts inquiring about the status of his 2255 petition. See Case No. 06-1171 (SEC),
Docket # 14, Exh. 2.

On July 19, 2005, the Court informed Lebron that no 2255 petition had ever been filed on
his behalf. The Court further instructed Aponte to contact Lebron as soon as possible to discuss the
situation. See Case No. 96-cr-0105-3 (SEC), Docket # 710. Lebron avers that upon learning that no
petition had been filed on his behalf, he sent another letter to Aponte, requesting that she forward
his criminal case files in order for him to prepare his 2255 petition himself, but his attempts were
fruitless. See Case No. 06-1171 (SEC), Docket # 14. He contends that he also filed an "Inmate
request to Staff," and made several attempts to call Aponte in order to get his criminal case files. See
Case No. 96-cr-0105-3 (SEC), Docket # 14, Exh. 5. Based on the foregoing, Lebron argues that he
took all the necessary steps to timely file his petition and that failure to do so was due to
extraordinary circumstances beyond his control. As such, he asks that the Government's petition for
dismissal be denied and that his 2255 petition be granted..

The doctrine of equitable tolling requires a party to show she or he has exercised reasonable
diligence in pursuing his rights and that extraordinary circumstances prevented him or her from
timely filing the petition. Trapp, 479 F.3d at 59. Therefore, equitable tolling is the exception to the
rule. Id. In assessing claims of equitable tolling, the Court may take several factors into
consideration: (1) the petitioner's own diligence in pursuing *habeas* relief; (2) whether some
extraordinary circumstances prevented the petitioner from making a timely filing; (3) the petitioner's
diligence in the pursuit of other post-conviction remedies; (4) any prejudice to the prosecution that
would result from tolling and possible retrial; (5) the possible merits of the case; and (6) whether the
petitioner has been sentenced to death. Id. at 61.

Because the one year period for filing a 2255 petition is properly a statute of limitations, it is obligatory --not jurisdictional-- and, thus, subject to equitable exceptions. Trapp v. Spencer, 479 F.3d at 59; Bonilla v. Muebles JJ Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). However, "equitable tolling is reserved for exceptional cases". Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58-59 (1st Cir. 1998). As a result, the petitioner "bears the burden of establishing a basis for equitable tolling." Trapp v. Spencer, 479 F.3d at 59.

In the instant case, Lebron believed that his attorney would file a 2255 petition on his behalf. He wrote to his attorney as well as the Clerk of Court, in order to find out about the status of his case. As per the Court's July 19, 2005 order, Lebron learned that the Court had not received any 2255 petition on his behalf. See Case No. 96-105 (SEC), Docket # 710. Shortly thereafter, he wrote Aponte, requesting that she mail his criminal case files in order to file his 2255 petition. See Case No. 06-1171 (SEC), Docket # 14, Exh. 3. Although he never obtained a copy of his files, on February 13, 2006, within one year from learning that a 2255 petition had never been filed by Aponte, Lebron filed his motion to vacate. He also filed a motion requesting this Court to order Aponte to send him a copy of his criminal case files. Lebron also asked the Court to allow the untimely filing of his petition, alleging his tardiness was due to the erroneous belief that Aponte had filed a 2255 petition on his behalf. See Case No. 06-1171 (SEC), Docket # 2. The Court once again ordered Aponte to contact the petitioner in order to reach an agreement as to his criminal case files. See Case No. 06-1171 (SEC), Docket # 3. Aponte was also ordered to file an informative motion in compliance with the Court's order. Id. However, she failed to comply once more. As a result, the Court reiterated its previous orders and warned Aponte that sanctions would be imposed if she did not comply. See Case No. 06-1171 (SEC), Docket # 4.

Finally, Aponte filed an informative motion alleging that she had informed Lebron that there were no meritorious grounds to support a motion to vacate. She further noted that she had informed Lebron as well as his father that the boxes of documents were available to be picked up at their earliest convenience or could be shipped, if Lebron paid the shipping costs. Thereafter, the Court

granted petitioner until July 10, 2006 to review his criminal file and file an amended petition.  <u>See</u>
Case No. 06-1171 (SEC), Docket # 6.

Based on the foregoing, we conclude that Lebron was diligent in pursuing *habeas* relief,
despite the extraordinary circumstances that prevented him from making a timely filing.  Moreover,
he duly appealed his sentence, and as such, was diligent in the pursuit of other post-conviction
remedies.  As a result, equitable tolling applies to the case at bar.  Thus, the Government's request
for dismissal for untimely filing is **DENIED**.  However, this does not dispose of the case at bar. This
court will proceed to address Petitioner's motion. We begin with Petitioner's ineffective assistance
of counsel claim.

### B. Ineffective Assistance of Counsel

It is well settled that Lebron faces a difficult task in this claim, since the standard of review
for an attorney's performance is a "very forgiving" one.  <u>See</u> <u>U.S. v. Theodore</u>, 468 F.3d 52, 58 (1st
Cir. 2006) (citing <u>Delgado v. Lewis</u>, 223 F.3d 976, 981 (9th Cir. 2000)).  The Sixth Amendment to
the Constitution of the United States provides in part that: "[i]n all criminal prosecutions, the
accused shall enjoy the right to ... have the Assistance of Counsel for his defence (sic)." U.S. CONST.
amend. VI.  The legal assistance envisioned by the Amendment, however, is not satisfied by merely
having a lawyer present alongside the defendant during trial; in order to comply with the Sixth
Amendment guarantee, counsel must provide "effective assistance". <u>Strickland v. Washington</u>, 466
U.S. 668, 685-686 (1984).

A convicted defendant who questions the validity of the criminal proceeding against him by
way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S.
Supreme Court in <u>Strickland</u>.  This requires the criminal defendant to first "establish that (1)
'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would have been
different.'" <u>Knight v. Spencer</u>, 447 F.3d 6, 15(1st Cir. 2006) (quoting <u>Smiley v. Maloney</u>, 422 F.3d
17, 20 (1st Cir. 2005) (quoting <u>Strickland</u>, 466 U.S. at 684)).  Relevant to the first part of the test, the

U.S. Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700.

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. See id. Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. That does not mean, however, that the Court must address the two prongs of the test in the order above, or even analyze both. If the Court is satisfied that the defendant cannot establish either that Counsel was deficient or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. See id. at 697.

Finally, the Court's evaluation of Counsel's performance must be highly deferential. Id. at 691. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an attorney's performance, the Court should attempt to eliminate the distorting effects of hindsight. Id.

We turn now to Petitioner's arguments in support of his claim for ineffective assistance of counsel. The Petitioner first avers that his trial lawyer, Aponte, was ineffective at both the district court and the appellate court level. Lebron also avers that he was deprived of a fair trial in violation of the Fifth Amendment and the U.S. Supreme Court's holding in Brady v. Maryland, 373 U.S. 83 (1963).

In opposition, the Government notes that Petitioner has failed to provide detailed explanations and record citations in support of his claims. As such, the Government contends that Lebron has failed to rebut the presumption set forth by Strickland. Moreover, the Government alleges that Lebron seeks to relitigate issues that were not raised on direct appeal. Specifically, the Government contends that Petitioner failed to raise on direct appeal his Counsel's alleged failure: (1) to properly object to unduly prejudicial evidence and testimony used at trial; (2) to request a specific jury verdict

or properly move for a Rule 29 motion and renewal; and (3) to object to certain judicial rulings related to evidentiary and testimonial proceedings. Finally, the Government argues that Petitioner's allegations as to Counsel's failure to request a specific jury verdict or properly move for a Rule 29 motion and renewal and to properly object to the PSR and effectively represent him during sentencing, are contrary to the record. Civil Case No. 06-1171 (SEC), Docket # 13.

We note that despite the fact that the Court granted petitioner until July 10, 2006 to review his criminal files and file an amended 2255 motion, Lebron has failed to do so. See Case No. 06-1171 (SEC), Docket # 6. Lebron argues that he cannot provide record citations in support of his claims because his counsel did not provide a copy of his criminal case files. However, Aponte informed this Court that the criminal case files were available for pickup or, to be shipped to Lebron. Moreover, the Court specifically stated that Aponte had complied with the Court's orders, and since she was no longer Lebron's counsel, she was not obligated to bear the expenses of mailing several boxes of documents to him. See Case No. 06-1171 (SEC), Docket # 9. In light of the foregoing, the Court granted Petitioner until July 10, 2006 to file his amended petition. See Case No. 06-1171 (SEC), Dockets ## 5 & 6. Therefore, although Lebron was granted ample opportunity to obtain the criminal files, he did not, and as a consequence thereof, he has not amended his 2255 petition either. As a result, his claims lack specific references to the record and detailed explanations.

The First Circuit has held that legal arguments alluded to in a perfunctory manner but unaccompanied by a developed argumentation, are deemed abandoned. U.S. v. Casas, 425 F.3d 23, 30 (1st Cir. 2005); U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). It is well settled law that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones...[j]udges are not expected to be mindreaders[;] a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." U.S. v. Zannino, 895 F. 2d 1, 52-53 (1st Cir. 1990); see also Casillas-Díaz v. Palau, 463 F. 3d 77 (1st Cir. 2006).

As previously stated, in his petition, Lebron does not provide explanations or specific

references to the record, in support of his arguments. Thus, in the absence of developed argumentation, Lebron fails to show that his counsel was ineffective. Furthermore, Petitioner's claims as to plea negotiations, unduly prejudicial evidence and testimony, prosecutorial misconduct were not raised on appeal and thus, are procedurally defaulted. Finally, some of Lebron's claims are contrary to the record. We will examine the claims set forth in his petition..

First, Lebron argues that Aponte failed to properly and adequately investigate his case. Case No. 06-1171 (SEC), Docket # 1, p. 15.  In support of this argument, Lebron avers that his counsel did not retain expert services nor interviewed witnesses with knowledge of material facts to the case. However, Lebron does not identify any witnesses who could have testified nor explains what testimony would have been provided by said witnesses. He also failed to provide additional theories or evidence that could have led to his acquittal if his counsel had conducted a more thorough investigation. Moreover, the record reflects that his counsel presented the testimony of several expert witnesses. Case No. 96-cr-0105-3 (SEC), T. Tr. 2/16/2000, pp. 127-147; T. Tr. 3/29/2001, pp. 26-58.

Lebron also argues that his counsel failed to object to unduly prejudicial evidence and testimony used at trial, to request a specific jury verdict form or move for a Rule 29 motion, and to object to certain rulings related to evidentiary and testimonial proceedings. Civil No. 06-1171 (SEC), Docket # 1, pp. 16, 18, 20. Although Lebron stated that he would provide specific references to the record when he had access to the files and transcripts of his criminal case, he has not done so. Therefore, Lebron has not shown which evidence and testimony presented was unduly prejudicial and merits the Court's intervention. Petitioner has also failed to show that his counsel's cross-examination of witnesses was inadequate. Moreover, the record shows that once the prosecution rested,  Lebron's Counsel moved the Court for a judgment of acquittal pursuant to Rule 29, and renewed said motion on sentencing. Case No. 96-cr-0105-3 (SEC), T. Tr. 2/16/2000, p 102; T. Tr. 2/17/2000, p. 33.

Lebron's claims that his counsel failed to object to the PSR and to argue for a reduction in his sentence are also contrary to the record. Civil No. 06-1171 (SEC), Docket # 1, p. 18. During sentencing, Lebron's counsel expressly objected to the PSR and requested a reduction in sentence due

to mitigating factors. Sentencing Hearing, 3/29/2001, p. 7-8, 13-14.

Petitioner's claim as to counsel's alleged failure to require that the Government establish that the commerce clause requirement was met under the Federal Carjacking Statute also lacks merit. Civil No. 06-1171 (SEC), Docket # 1, p. 17. 18 U.S.C. 2119 requires that a carjacked vehicle be "transported, shipped, or received in interstate or foreign commerce." The record shows that the defendants and the prosecution stipulated that the red Hyundai involved in the case was built in Korea and shipped in interstate commerce. Case No. 96-cr-0105-3 (SEC), T. Tr. 2/16/2000, p. 98.

Lebron further claims that his counsel failed to advise him of his right to testify. Civil No. 06-1171 (SEC), Docket # 1, p. 17. However, there is no showing that Lebron alerted the trial court of his wish to testify on his own behalf or any disagreement with his counsel regarding such matter. The Court "will presume that a criminal defendant who fails to claim his right to testify at trial waives that right." Alicea-Torres v. U.S.A., 455 F. Supp. 2d 32, 50 (D.P.R. 2006). To rebut that presumption, the petitioner must allege specific facts which show that his counsel told him he was not allowed to testify or compelled him to remain silent. Id. at 51. As previously mentioned, Lebron failed to provide an adequate explanation in support of said claim and as such, is deemed abandoned.

Lebron's claims as to his Counsel's failure to request certain jury instructions and to object to the instructions given by the Court are also devoid of further explanation. Civil No. 06-1171 (SEC), Docket # 1, p. 18. He does not explain which instructions his counsel failed to object that prejudiced the outcome of his trial. Furthermore, he fails to point out which jury instructions his counsel should have requested. Lebron also avers that his counsel failed to alert the Court as to an alleged conflict of interest which ultimately deprived him of a fair trial. However, there is no showing that he raised this issue before the trial court. Moreover, he has not shown that an actual conflict of interest existed that adversely affected his representation. See Alicea-Torres, 455 F. Supp. 2d at 57.

Finally, Petitioner's allegations as to the Government's failure to disclose material and favorable evidence, is unsupported by evidence. Civil No. 06-1171 (SEC), Docket # 1, p. 21. Federal habeas corpus review of prosecutorial misconduct claims is "quite limited." Tankleff v. Senkowski,

135 F.3d 235, 252 (2nd Cir. 1998).  In order to prevail on a claim of prosecutorial misconduct, a Petitioner must demonstrate that the prosecutor's conduct was "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). The prosecutorial misconduct must be so serious and blatant that it "calls into doubt the fundamental fairness of the judicial process." United States v. Ortiz de Jesus, 230 F.3d 1, 4 (1st Cir. 2000). The factors a court considers include: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the improper statements. Tankleff, 135 F.3d at 252.  Petitioner has failed to develop any argument in favor of this claim, thus, it lacks merit.

We further note that Petitioner's counsel argued the following claims before the Appellate Court:1) sufficiency of evidence as to the carjacking and the firearms convictions; 2) the Court's application of the first degree murder cross reference specified in U.S.S.G. 2B3.1(c)(1); 3) the Court's denial to award Lebron a role-in-the-offense downward adjustment; 4) the computing of his criminal history; 5) the court's denial in reimbursing his counsel for expenses incurred in flying a court-authorized defense witness from Washington, D.C., who testified at trial. Lebron-Cepeda, 324 F.3d 52. These claims, although well-argued, were rejected on appeal. Furthermore, despite being granted an opportunity to amend his 2255 petitioner, Lebron has not pointed to specific issues that support his claim of ineffective assistance of counsel at the appellate level.

Based on the foregoing, we conclude that there is no showing of prejudice. As a result, Petitioner's arguments are speculative and insufficient to rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance of reasonableness." Strickland, 466 U.S. at 700. Therefore, we conclude that Petitioner has failed to show that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, 466 U.S. at 684. Thus, the Court is barred from developing an argument as to the relevancy of potentially applicable precedents when the petitioner has failed to

**Civil No. 06-1171 (SEC)**                                                                                 12
_____

develop a cogent argument based on a sufficiency of facts. Petitioner cannot prove prejudice without

detailed arguments and specific citations that support his arguments. Moreover, we cannot ignore

Lebron's failure to prosecute his case despite being granted numerous opportunities to effectively do

so.

          In light of the above, we conclude that Petitioner's claim for ineffective assistance of counsel

lacks support in the record. As a result, his § 2255 motion is hereby **DENIED**, and this case is hereby

**DISMISSED WITH PREJUDICE**.

                    **SO ORDERED.**
                    In San Juan, Puerto Rico, this 21st day of January, 2009.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        United States District Judge